# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **YIRIES JOSEPH ASEF SAAD MAURA, et al.,** | **CIVIL NO. 17-2263 (DRD)** |
| *Plaintiffs,* | |
| v. | |
| **SCOTIABANK PUERTO RICO, et al.,** | |
| *Defendants.* | |

## AMENDED OPINION AND ORDER

Pending before the Court are the following motions filed by plaintiffs: (a) *Motion to Reconsider, Alter or Amend Judgment at Docket No. 118 Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure* (Docket No. 122); (b) *Motion to Alter or Amend Opinion and Order at Docket No. 215 and for Clarification of the Record* (Docket No. 216); (c) *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.* (Docket No. 226); (d) *Motion for Settlement Conference* (Docket No. 227); (e) *Urgent Motion for Reconsideration of Opinion and Order at Docket No. 230 and Request for Leave to File Document in the Spanish Language* (Docket No. 234); (f) *Plaintiffs' Motion to Reconsider, to Alter or Amend Omnibus Opinion and Order at Docket No. 257 and Orders Issued at Docket Nos. 266, 267, 268, 269, 270, 272* (Docket No. 279); and (g) *Plaintiffs' Motion to Reconsider, to Alter or Amend Amended Opinion and Order at Docket No. 288* (Docket No. 301). All motions were properly opposed to by the defendants.

Also pending before the Court is codefendant, United States of America's *Motion for Joinder and to Dismiss* (Docket No. 286); and codefendant, *MidFirst Bank's Motion for Entry of Order Granting its Motion to Dismiss* (Docket No. 303).

The Court notes that on March 31, 2019, an *Omnibus Opinion and Order* was entered wherein *Motions to Dismiss* filed by Codefendants Banco Popular of Puerto Rico (Docket No. 40); James B. Nutter & Company and Federal National Mortgage (Docket No. 42); Bayview Loan Servicing, LLC and Lakeview Loan Servicing, LLC (Docket No. 44); and Roosevelt Cayman Asset Company and Rushmore Loan Management Services (Docket No. 59) were granted. For the sake of clarity, the operative complaint is the *Third Amended Complaint*. *See* Docket No. 17.

Thus, the Court deems necessary to clarify the scope of its *Omnibus Opinion and Order* at Docket No. 257, which was subsequently made applicable to other codefendants, for instance, (a) Federal Home Loan Mortgage Corporation (hereinafter, "Freddie Mac") (Docket Nos. 121 and 272); (b) TRM LLC jointly with RNPM, LLC (Docket Nos. 271 and 205); (c) Bank of America, N.A. (Docket Nos. 242 and 270); (d) MWPR CR, LLC (Docket Nos. 239 and 269); (e) Wells Fargo & Co. (Docket Nos. 238 and 268); (f) Banco Cooperativo de Puerto Rico (Docket Nos. 233 and 267); and (g) Lime Residential Ltd., Lime Properties, Ltd. and DLJ Mortgage Capital, Inc. (Docket Nos. 232 and 266).

It is further necessary to reiterate the Court's determination of granting several motions for joinder to several motions to dismiss as to several defendants before and after the entry of the *Omnibus Opinion and Order* at Docket No. 265, such as, (a) Scotiabank de Puerto Rico (Docket Nos. 64, 84, 129, 141, 290, 294); (b) FirstBank Puerto Rico (Docket Nos. 58, 85, 130, 138, 287 and 299); (c) Oriental Bank (Docket Nos. 63, 90, 92, 132, 140 and 288); (d) Banco Santander Puerto Rico (Docket Nos. 60 and 139); (e) MidFirst Bank (Docket Nos. 184, 187 and 303); (f) Tax Free PR Target Maturity Fund, Inc. (Docket Nos. 186 and 188); (g) CitiMortgage, Inc. (Docket Nos. 196 and 202); (h) REO PR Corp., Roosevelt Cayman Asset Company II/Servicing Rushmore Loan Management Services and Roosevelt REO PR IV Corp. (Docket Nos. 199 and 203); (i) PR

Asset Portfolio 2013-1 International, LLC (Docket Nos. 200 and 204); (j) Santander Financial, Inc. (d/b/a Island Finance Corp.) (Docket Nos. 213, 214, 281 and 282); (k) Cooperativa de Ahorro y Crédito de Ciales (Docket Nos. 223 and 228); and (l) Bayview Loan Servicing, LLC, Lakeview Loan Servicing LLC, and Wells Fargo & Company (Docket Nos. 248 and 258). As to the defendants herein mentioned who effectively sought joinder to any motion to dismiss that was granted, the Court finds that a **DISMISSAL WITH PREJUDICE** is applicable in its entirety as to said Codefendant.

Additionally, the Court finds that any additional self-standing motion to dismiss or seeking joinder to motion to dismiss is equally **GRANTED**. *See* Docket Nos. 103, 121, 135, 184, 186, 196, 199, 205, 286 and 329.

For the reasons set forth below, the Court **DENIES** Plaintiffs' *Motion to Alter or Amend Opinion and Order at Docket No. 215 and for Clarification of the Record* (Docket No. 216); *Plaintiffs' Motion to Reconsider, to Alter or Amend Omnibus Opinion and Order at Docket No. 257 and Orders Issued at Docket Nos. 266, 267, 268, 269, 270, 272* (Docket No. 279); and *Plaintiffs' Motion to Reconsider, to Alter or Amend Amended Opinion and Order at Docket No. 288* (Docket No. 301). As all motions to dismiss and joinders thereof have been granted, plaintiffs' *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.* (Docket No. 226) and *Motion for Settlement Conference* (Docket No. 227) are hereby **DENIED** as **MOOT**.

Lastly, the Court hereby **DENIES** plaintiffs' motions at Docket Nos. 122, 216, 226, 227, 234, 279 and 301. Further, the Court hereby **GRANTS** defendants' motions at Docket Nos. 286 and 303. The Court again explains the reasoning.

## I.      Relevant Factual Background

At the outset, the Court notes that Plaintiffs' pleadings included in the *Third Amended Complaint* (Docket No. 17) are unclear, general, and very broad. As a result, this Court has undertaken a maximum of effort to fully comprehend.

Plaintiffs brought a class action suit on behalf of themselves and Class Members who either have been subject to illegitimate foreclosures or sought modifications of payment on their individual mortgage loans through their mortgage servicers of Defendants. Plaintiffs contacted Defendants in an attempt to reduce their loan payments due to a reduction of job hours which affected their payment capacity. (Docket No. 17 at 23). The Defendants allegedly explained to Plaintiffs that they would submit Plaintiffs to a loss mitigation process which would make Plaintiffs eligible to make reduced monthly payments during a three-month trial period. *Id.* Plaintiffs allege they complied with the reduced payments but were still harassed by Defendants for delinquency of their payments. (Docket No. 17 at 24). Plaintiffs assert that their rights under the Home Affordable Modification Program (HAMP) were not acknowledged. *Id.* The HAMP program provided a mechanism to stay any foreclosure proceeding and help Plaintiffs fulfill the promise of smaller loan payments. *Id.* Plaintiffs thus claim that Defendants' failure to honor the HAMP program provisions left them "financially devastated." Docket No. 17 at 25.

All Plaintiffs are residents of Puerto Rico with real estate property holdings in Puerto Rico. (Docket No. 17 at 16).[1] The unknown Plaintiffs, and the Class Members which they represent, are likewise described in very broad terms as any person who has real estate in Puerto Rico and whose real estate is encumbered by a mortgage loan serviced by any of the Defendants in the instant case.

---

[1] The Court notes that the Complaint does not refer to any of the Plaintiffs by name, not even the first named plaintiff, Yiries Joseph Asef Saad Maura. Moreover, the Complaint fails to name any Defendants in their individual capacities throughout the document. The Court is left to speculate what Plaintiff may have had an issue with a particular Defendant, and if something at all occurred as a result thereof.

*Id.* The Class Members also include mortgagors who have complied with their obligations under the loan modification programs and have not received any of the benefits of the alleged modifications. (Docket No. 17 at 28). Defendants, on the other hand, are banks or mortgage loan servicers committed to providing mortgage loans to qualified individuals in Puerto Rico. (Docket No. 17 at 15). Unknown Defendants, on the other hand, are considered any bank, financial institution or mortgage loan servicers devoted to providing mortgage loans to qualified individuals with offices, branches and subsidiaries in Puerto Rico which can be liable for actions alleged in the Complaint. (Docket No. 17 at 16). The Plaintiffs alleged individual claims related to mortgage loan transactions with one or more of the Defendants. The Complaint, however, fails to specify which financial institution, i.e. which Defendant, financed which loan and/or were designated to provide services under federal laws, the Real Estate Settlement Procedures Act ("RESPA"), Home Affordable Modification Program ("HAMP"), Truth in Lending Act ("TILA"), and Home Affordable Refinance Program ("HARP"). (Docket No. 17). The Plaintiffs instead seem to believe that their individual claims revolve around similar issues and can be addressed under one Complaint. In sum, the Court is unable to identify what loss, if any, each plaintiff suffered, and which defendant caused said loss.

## II.     Standard of Review

As Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] **more than labels and conclusions**." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)(emphasis ours)("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679- 80 (citing *Twombly*, 550 U.S. at 567). "**A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action**." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679)(emphasis ours).

However, a complaint that rests on "**bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss**. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (emphasis ours). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation").

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of*

*Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 n. 6 (2012)(emphasizing that a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

The First Circuit recently outlined two further considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### III.    Legal Analysis

#### A.    Banco Popular (Docket No. 40)

##### 1.    *Plaintiffs failed to state any claim for which relief can be granted*

Banco Popular reiterates in its Motion to Dismiss that the First Circuit has stated that a court will "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements" when analyzing the merits of a Rule 12(b)(6) dismissal. *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (1st Cir. 2012); *see also Ocasio Hernandez*, 640 F.3d at 12; *see also Sanchez*, 590 F.3d at 49. A court should likewise ensure that parties meet the pleading requirement standards set forth in Rule 8(a)(2). *See generally*, *Twombly*, 550 U.S. at 555-558.

##### 2.    *Plaintiffs' Breach of Contract Claim Fails as a Matter of Law*

Puerto Rico law states that the elements of a cause of action required in a breach of contract suit are the following: 1) a valid contract, and 2) a breach by one of the contracting parties. *See Markel American Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 31 (1st Cir. 2012) (citing *Dantizer, Inc. v. Lamas-Besos*, 2010 WL 2572618, at * 3 (D.P.R. 2010). Most notably, in order for a nonperformance claim to prosper, a moving party must "establish the real and positive existence of the damages caused." *Mega Media Holdings, Inc. v. Aerco Broadcasting Corp.*, 2013 WL 122347184, at *5 (D.P.R. 2013) (citations omitted). In the *Third Amended Complaint*, Plaintiffs claim that "Defendants" breached unspecified contracts because some unspecified Defendant "breached an implied term that required it to extend offers for permanent modifications within a reasonable time period following Plaintiffs' performance under the trial modification agreements." *See* Docket No. 17 at 13. Banco Popular claims that Plaintiff "does not . . . identify the contract at issue or describe where it can be found, what it says, or how Banco Popular (or any other

Defendant) purportedly breached its terms, let alone as to which Plaintiff such a breach was supposedly committed. Docket No. 40 at 12. Plaintiffs contend that a Defendant did not "perform in accordance with the contract terms regarding the trial modification period, and in fact, Defendant intentionally and systematically delayed converting the trial modifications into permanent modifications." Docket No. 17 at 32. Banco Popular, however, states that the *Third Amended Complaint* fails to specify which of the above-mentioned trial modification contract provisions allegedly bind Banco Popular may be found in the *Third Amended Complaint*. Likewise, Banco Popular also claims that the *Third Amended Complaint* fails to state how Banco Popular allegedly breached said contract. As such, Banco Popular contends that these general and conclusory breaches of contract claims fail to meet the pleading standard required by *Twombly*. *see Twombly*, 550 U.S. at 556-557.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to address Banco Popular's claims, and failed to provide any details as to how Banco Popular's actions could be construed as breaches of contract. *See* Docket No. 73. The Court agrees with Banco Popular.

### 3. Plaintiffs' "Dual Tracking" Claim Fails as a Matter of Law

Plaintiffs assert that Defendants filed foreclosure actions against them after Plaintiffs had submitted a complete loss mitigation application to the Defendants, in alleged violation of 12 C.F.R. §1024.41(f)(2). *See* Docket No. 17. Banco Popular states that no specific "Plaintiff is alleged to have submitted a loss mitigation application; no date is alleged for the submission of any such application; no Defendant is alleged to have received such an application; and no facts are alleged concerning any decision having been made on any such application." Docket No. 40 at 13. Furthermore, they claim that "[n]either do Plaintiffs allege facts that would show that the

exceptions to the dual-tracking prohibition set forth in 12 C.F.R. §1024.41(f)(2)(i-iii) do not apply. In short, the entire claim is insufficiently pled, conclusory, and implausible." *Id.*

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to address Banco Popular's claims, and failed to provide any details as to how Banco Popular's actions could be construed as dual tracking violations. *See* Docket No. 73. The Court agrees with Banco Popular.

4. *Plaintiffs' "Robo Signing" Claim Fails as a Matter of Law*

Plaintiffs claim that Defendants purportedly used "robosigners" to approve unspecified foreclosure documents in connection with unspecified proceedings on unspecified dates and in connection with unspecified loans. Docket No. 17 at 34-36. Nonetheless, Banco Popular avers that this "is immaterial because there is no such cause of action as 'Robo Signing.' *See Wilson v. HSBC Mortg. Servs.*, 744 F.3d 1, 13-14 (1st Cir. 2014) (finding that a bare allegation of "robo-signing" did nothing to establish a valid claim).

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to address Banco Popular's arguments regarding the "Robo Signing" claim. *See* Docket No. 73. The Court agrees with Banco Popular.

5. *Plaintiffs' "Predatory Lending" Claim Fails as a Matter of Law*

Banco Popular contends that Plaintiff's insufficiently plead its claim that an unknown number of Plaintiffs appear to be asserting that they obtained their loans from unspecified Defendants by submitting misleading documentation that may have falsely represented their income. Docket No. 40 at 14. Plaintiffs cite to support said claim the Secure and Fair Enforcement of Mortgage Licensing Act of 2008 (hereinafter, the "SAFE Act") and the Truth in Lending Act (hereinafter, "TILA"). *See* Docket No. 17. Banco Popular argues that the SAFE Act has no apparent connection to Plaintiffs' allegations and does not contain a private right of action. *See*

*Murphy v. Bank of N.Y. Mellon*, No. 14-cv-2030, 2014 U.S. Dist. LEXIS 118503, at *17-18 (N.D. Cal. Aug. 25, 2014) (SAFE Act does not create a private right of action). *Id.* Second, Banco Popular claims that Plaintiffs do not cite to any particular provision of TILA, which has no apparent connection to Plaintiffs' allegations either. *Id.*

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs contend that the "bank's failure to provide the required disclosure resulted in 23 violations of TILA due to 23 items that must be disclosed as required by aforementioned section and this constitute material violations of TILA." Docket No. 73 at 7. Furthermore, the claim that "the material disclosures are those defined in section 1026.23(a)(3) which includes the APR, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in section 1026.32(c) and (d) and 1026.43(g)." They fail to address any of the arguments raised by Banco Popular regarding the "Predatory Lending" Claim. Additionally, they failed to identify any specific TILA violation as relating to Banco Popular. The Court agrees with Banco Popular.

   *6. Plaintiffs' RESPA Claim Fails as a Matter of Law*

Plaintiffs assert that Defendants failed to respond to communications that were purportedly qualified written requests (hereinafter, "QWR"s) under 12 U.S.C. § 2605(e), including not providing "Plaintiffs with information about the nature and costs of mortgage debt." Docket No. 17 at 37. Banco Popular argues that information about the origination of a mortgage loan, such as "the nature and costs" of the loan is not covered by RESPA's QWR provision. "Rather, QWRs only relate to information about loan *servicing*." *See* 12 U.S.C. § 2605(e)(1)(A) ("a qualified written request . . . for *information relating to the servicing of such loan*) (Docket No. 40 at 15). Furthermore, Banco Popular claims that Plaintiffs do not allege when they supposedly sent QWRs, to whom the supposed QWRs were sent or at what address, or what those communications

allegedly contained. Nor do Plaintiffs allege that any Plaintiff suffered damages as a result of any identified Defendant's purported failure to respond to a QWR. *See Ramos-Gonzalez v. First Bank of P.R.*, No. 14-1749, 2015 U.S. Dist. LEXIS 144525, at *7-8 (D.P.R. Oct. 22, 2015) (plaintiffs must plead damages to establish RESPA claim for failure to respond to QWR) (Docket No. 40 at 15). Thus, Banco Popular claims that since there are no "factual allegations that would give rise to a claim under 12 U.S.C. § 2605, and the only allegation they *do* make clearly shows that the alleged communication was not a QWR, this claim must be dismissed." Docket No. 40 at 15.

District and Circuit Courts have been resolute in stating that general statements such as described herein do not suffice to survive RESPA violation claims. *See, e.g.*, *Sutton v. CitiMortgage, Inc.*, 228 F.Supp.3d 254, 265 (S.D.N.Y. 2017) ("Significantly, '[a] plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA.' *Gorbaty*, 2012 WL 1372260, at *5. Conclusory assertions do not suffice.") Further, the Eleventh Circuit has stated, in particular in cases related to loss mitigation violations pursuant to Section 1024.41, as the Plaintiffs allege, that RESPA recognizes two types of damages which are an essential part of a RESPA claim: "(1) actual damages the borrower sustained as a result of the RESPA violation and (2) 'any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.' " *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1011 (11th Cir. 2016 (quoting 12 U.S.C. §2605(f)(1)). In *Lage*, the Eleventh Circuit determined that "the Borrowers failed to present evidence of a pattern or practice of RESPA noncompliance that would support a claim for statutory damages." *Id.* at 1012. Here, as in *Lage*, Plaintiffs failed to provide any evidence of either of these types of damages they allegedly

sustained because of Banco Popular's, or any Defendants' for that matter, alleged RESPA violations.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any specific reference related to the RESPA claims or respond to the argument put forth by Banco Popular regarding the QWR. *See* Docket No. 73. The Court thus agrees with Banco Popular.

7. *Plaintiffs' ECOA Claim fails as a Matter of Law*

Plaintiffs assert generally that they completed loan modification applications, and that those applications were applications for credit. Docket No. 17 at 3. Banco Popular claims that Plaintiffs do not allege that any particular Plaintiff completed a loan modification application, to whom that application was made, or when it was supposedly made. Docket No. 40 at 16. "Neither do Plaintiffs allege when any of them received a response to the alleged application . . . Plaintiffs [simply] conclusorily assert that 'it was Defendants' practice or policy not to send timely notice letters to consumers when it denied their applications" and that 'Defendants also failed to provide' unspecified 'statutory disclosures'," which are required by the ECOA. *Id.* (see also *L'Esperance v. HSBC Consumer Lending, Inc.*, No. 11-cv-555, 2012 U.S. Dist. LEXIS 11753, at *17-18 (D.N.H. Feb. 1, 2012) (plaintiff must plead which disclosures were required by statute, who was required to provide the disclosures, and the circumstances under which such disclosures are required)).

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to respond to the arguments raised by Banco Popular regarding the ECOA claim. *See* Docket No. 73. The Court thus agrees with Banco Popular.

8. *"Remedies" Claims are not Specifically Pled and Fail to State a Claim for Relief*

Plaintiffs, under the title of "Remedies," name and define certain laws and regulations, without specifically pointing to facts by Defendants that violate said laws and regulations. Docket No. 17 at 39-48. These statutes are: the Home Affordable Modification Program (hereinafter, "HAMP") guidelines, RESPA and Regulation X, the Home Affordable Refinance Program ("HARP"), the Principal Residence Protection and Mandatory Mediation in Foreclosure Proceedings Act, P.R. Law No. 184 of August 17, 2012 ("P.R. Law 184"), the Mortgage Debtor Assistance Act, Puerto Rico Law No. 169 of August 9, 2016 ("P.R. Law 169"), Negligence and Fault of Diligence under Puerto Rico Law, and violation of the Constitution of Puerto Rico, Article 6, §14. *See* Docket No. 17.

The pleading consists of identifying certain statutes without identifying any conduct of any identified bank that violated them. The First Circuit has found these types of pleadings as insufficient to state a clam for relief. *See Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 534 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). In their *Response in Opposition to Motions to Dismiss*, Plaintiffs have utterly failed to respond to the arguments expressed by Banco Popular regarding the "Remedies" claims. *See* Docket No. 73. The Court thus agrees with Banco Popular's legal analysis. Hence, Plaintiffs have failed to identify the relation between a particular Plaintiff and a financial institution for purposes of liability and damages.

B. James B. Nutter & Company and Federal National Mortgage Association

As for both *James B. Nutter & Company and Federal National Mortgage Association's Notice of Motion and Motion to Dismiss and/or Strike, or Stay Plaintiffs' Third Amended*

*Complaint* at Docket No. 42, (hereinafter referred to as "JNBC"[2] and "Fannie Mae" respectively), they argue that although they are included in the caption as Defendants, there are no specific claims against either Defendant in the *Third Amended Complaint* and thus the Complaint should be dismissed.

In regards to most of its claims, Codefendants, JNBC and Fannie Mae[3] use the same rationale as many of the above-mentioned Defendant. Firstly, JNBC and Fannie Mae state that Plaintiffs *Third Amended Complaint* fails at all levels to meet the pleading requirements set forth in Rule 8 and Rule 12(b)(6) as to both co-defendants. In essence, both Defendants echo what the Court of Appeals has repeated several times throughout this Order: plaintiffs will not have a plausible case for relief if they only include "a formulaic recitation of the elements of a cause of action." *Rodriguez-Lebron v. Centro Medico del Turabo, Inc.*, 2016 WL 9460001, at 2 (citing *Twombly,* 550 U.S. at 555). Significantly, the First Circuit has stressed that unadorned factual assertions as to the elements of the cause of action are inadequate. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d at 596. "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* For this reason, merely naming Plaintiffs and Defendants while parroting the elements of a cause of action without particularizing the allegations between Plaintiffs and Defendants is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3dat 49).

Both Defendants also contend that Plaintiffs' class allegations should be dismissed. (Docket No. 42-1 at 19). Specifically, JNBC and Fannie Mae attest that Plaintiffs do not meet the

---

[2] The Court notes that in spite of the facts that Plaintiffs included James B. Nutter & Co. and James B. Nutter Company as Defendants in the Complaint, all motions related to James B. Nutter were either filed on behalf of both entities or individually. However, the Court acts towards both entities as one and the same.

[3] The Court notes that in spite of the fact that Plaintiffs included Federal Mortgage Association and Federal National Mortgage Association as Defendants in the Complaint, all Motions related to Fannie Mae were either filed on behalf of both entities or individually. However, the Court acts towards both entities as one and the same.

"predominance" standards set forth in Rule 23(b) as Plaintiffs have failed to show how they have one common issue. *Id.* at 19. Further, "the proposed class action does not meet the predominance requirement, because highly individualized questions of fact or law remain." *Id.* at 20. Moreover, both Defendants claim that since Plaintiffs failed to provide any factual scenario regarding class members, such as dates of foreclosures or relevant mortgage documents, the alleged class action would instead turn into multiple "mini-trials." Docket No. 42-1 at 20. Similarly, Circuit courts have typically rejected RESPA and TILA class action certifications because they have presented cases that are best assessed independently. *See generally, Benavides v. Chicago Title Ins. Co.,* 636 F.3d 699 (5th Cir. 2011); *Howland v. First American Title Ins. Co.*, 672 F.3d 525 (7th Cir. 2012*); Stout v. Byrider*, 228 F.3d 709 (6th Cir. 2000).

JNBC and Fannie Mae further contend, as do other Defendants in their respective *Motions to Dismiss*, that Plaintiffs lack Article III standing. (Docket No. 42-1 at 13). Both Defendants emphasized that, the same as a plaintiff must demonstrate that they meet the standing requirements, so too must a class surpass the standing requisites. *See, e.g. Simon c. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 39 n. 20 (1976) ("That a suit may be a class action, … adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class.'") Moreover, the Supreme Court has been clear that a violation to a statutory right is not sufficient to prove that a person, and even less a member class, suffered an injury as a result of said violation. *See Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1549 (2016), a plaintiff does not "automatically … [satisfy] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.

… Robins could not … allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement."

Plaintiffs' RESPA claims also fail as Plaintiffs did not include factual allegations to support any REPSA violations by JNBC or Fannie Mae. (Docket No 42-1 at 14). Defendants JNBC and Fannie Mae additionally contend that Plaintiffs Home Affordable Modification Program (HAMP) claims cannot be included, as such allegations provide no private right of action. (Docket No. 42-1 at 16). The Court agrees with JNBC and Fannie Mae's arguments. *See Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, (3rd Cir. 2017) (citing *Puzz v. Chase Home Fin., L.L.C.*, 763 F.Supp.2d 1116, 1123 (D. Ariz. 2011)) ("Even assuming that HAMP guidelines encourage lenders to provide [certain benefits] to their debtors, there is no authority for the proposition that HAMP or its regulations or guidelines create a private right of action against lenders who begin foreclosure without doing so.")

Similarly, Codefendants JNBC and Fannie Mae argue that Plaintiffs' breach-of-contract claims fail outright because Plaintiffs failed to plead an enforceable contract between a Plaintiff and a Defendant. (Docket No. 42-1 at 16). Both Defendants plead similar arguments to previously stated claims by other Defendants in the instant case.[4] In essence, JBNC and Fannie Mae allege that Plaintiffs "have failed to allege any contract at all, much less a contract JBNC or Fannie Maw that entitle them to a loan modification." Docket No. 42-1 at 17.

Plaintiffs, however, claim that a "valid" contract was enacted between Plaintiffs and Defendants through the modification of Plaintiff's mortgage dues. *See* Docket No. 17 at 32. Defendants JNBC and Fannie Mae argue that Plaintiffs cannot assert that a breach-of-contract occurred simply because their "expectations" regarding the contract were not met. (Docket No.

---

[4] *See also* the rationale used by Defendant Banco Popular to counter Plaintiffs' breach-of-contract allegations, *supra* section A of Part III, p. 10-11 of this *Opinion and Order*.

42-1 at 17). Likewise, Defendants JNBC and Fannie Mae allege that Plaintiffs failed to plead facts that can link the alleged breach-of-contract with the injuries they sustained as a result of said breach, and said claims should therefore be dismissed. (Docket No. 42-1). Further, the First Circuit has been consistent in stating that the damages claimed by the alleged wrongful act do not affect the contract but is limited to damages. *See Jakobiec v. Merrill Lynch Life Ins. Co.*, 711 F.3d 217, 224 (1st Cir. 2013)(quoting *Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust,* 130 N.H. 673, 679 (N.H.1988)) ("A defendant who breaches a contract is only liable for the damages caused by its breach. ... '[O]ne who claims damages [for breach of contract] ... must, by a preponderance of the evidence, show that the damages he seeks were caused by the alleged wrongful act' ").

Plaintiffs also alleged supplemental jurisdiction claims related to Act No. 184 of August 17, 2012 and Act No. 169 of August 9, 2016, as well as purported violations to Articles 1802 and 1803 of the Puerto Rico Civil Code. However, JNBC and Fannie Mae contend that considering that this Court should dismiss all federal claims, supplemental jurisdiction over the state claims should not be attended. Docket No. 42-1 at 18; *see* 12 U.S.C. §1367(c); *see also Rodriguez v. Doral Mortgage Corp.*, 57 F.3d at 1176. Furthermore, JNBC and Fannie Mae explain that regardless if this Court chooses to exercise supplemental jurisdiction over the claims, the state claims should be dismissed because they fail as a matter of law. In sum, JNBC and Fannie Mae's allegations echo other Defendants' arguments regarding Plaintiffs' state law claims.[5] Furthermore, the entire matter of local claims is left for the local courts to establish as the federal court should not be engaged in trailblazing local laws. *See Ed Peters Jewelry Co., Inc. v. C&J Jewelry Co., Inc.*, 124 F.3d 252, 262-63 (1st Cir. 1997).

---

[5] *See* the rationale used by Defendant Banco Popular to counter Plaintiffs' breach-of-contract allegations, *supra* section A of Part III of this Opinion and Order.

In regard to claims under Puerto Rico's tort statute, namely, Articles 1802 and 1803 of the Puerto Rico Civil Code, JNBC and Fannie Mae state that Plaintiffs have failed to include specific facts to prove how either Defendant committed tortuous acts against each or any of Plaintiffs. (Docket No. 42-1 at 18). In essence, JNBC and Fannie Mae state that Plaintiffs failed to show three essential elements of liability: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (i.e., proximate cause)." *Sanchez ex rel. D.R.-S v. U.S.*, 671 F3d. 86, 109 (1st Cir. 2012). However, the Court may dismiss the state actions without prejudice should the federal causes of action be dismissed early in the case. *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d at 1176.

Defendants JNBC and Fannie Mae contend that leave to amend should be denied because all Plaintiffs' claims either fail as matter of law or have failed to plead any particularized fact which can demonstrate how either JNBC or Fannie Mae injured the Plaintiffs. (Docket No. 42-1 at 21). JNBC and Fannie thus believe that granting a leave to amend again is ineffective because Plaintiffs have provided "no indication that [they]… were ready to conform to Rule 8(a)'s requirements." (*Id.* citing *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993)).

Finally, Defendants, invoke *Colorado River*, which prohibits claim splitting. (Docket No. 42-1 at 14). "The claim splitting doctrine prevents a litigant from raising claims actually asserted in a previous lawsuit as well as claims that *could have been* litigated and adjudicated in a previous case." (Docket No. 42-1 at 14); *see also Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). The Court has discretion, even absent a factual finding in the previous case, to enforce the doctrine to avoid duplicative litigation. *Id.* at 817. Defendants note,

> [e]ach of the claims Plaintiffs raise in this lawsuit has already been raised in *Camacho* or could have been raised in *Camacho*. Two hundred and seven of the

> plaintiffs stricken from *Camacho* are named plaintiffs in this case. And although Plaintiffs fail to allege any specific allegations directed at any particular defendant, 23 of named defendants in *Camacho* are defendants in the present suit, including these Defendants.

Docket No. 42-1 at 15; *see also Gonzalez-Camacho, et al. v. Banco Popular de Puerto Rico, et al.*, Case No. 17-1448 (DRD). More so, Defendants highlight that the current case arises from the same facts found in *Camacho*, and that the complaints are near identical. Docket No. 42-1 at 15. The Court agrees with Defendants that "the gravamen of this case is identical to that" of *Camacho*. *Id.* Such claims could, and should, have been asserted in the parallel case of *Camacho*. As such the Court may subject the claims to dismissal.[6]

Plaintiffs failed to include any factual allegations which may relate JBNC or Fannie Mae with any of the claims set forth in the *Third Amended Complaint*. *See* Docket Nos. 17; 42-1. Further, JNBC and Fannie Mae assert that the Complaint should be dismissed because Plaintiffs' failed to state a claim for which relief can be granted and leave to amend should likewise be denied. (Docket No. 42-1). Plaintiffs' filed *Plaintiffs' Response in Opposition to Motion to Dismiss and Motions for Joinder* (Docket No. 73) wherein Plaintiffs' refute in general terms allegations included in the various *Replies* filed separately by several of the named Defendants. (Docket No. 73). Plaintiffs only references JNBC and Fannie Mae one to two times by name in the *Response*. *Id.*

The Court therefore dismisses all federal causes of actions for the reasons stated by arguments including lack of facts in the Complaint under Rule 12(b)(6); also, TILA and RESPA claims should be assessed independently. Further, there is a lack of standing[7] under Article III of

---

[6] The Court shall not enter into the *Colorado River* matter as the Complaint by itself does not contain any factual scenario of one Plaintiff against one financial mortgage company.

[7] Lack of standing is alleged, amongst other reasons, because no connection has been established between a Plaintiff and a particular financial institution.

the United States Constitution as well as to the fraud allegations due to lack of specificity under Rule 9(b) as to the Plaintiffs with JNBC and Fannie Mae. As stated before, all state causes of action are dismissed without prejudice.[8] Accordingly, the Court reiterates its ruling granting the dismissal of all causes of action against JNBC and Fannie Mae. *See* Docket No. 257.

Further, on April 3, 2019, codefendants, Federal National Mortgage Association, James B. Nutter & Company and CitiMortgage, Inc. filed *Motion to Join Oppositions to Plaintiffs' Motion for Settlement Conference & Motion to File Supplemental Allegations*. *See* Docket No. 255. In, sum, the codefendants argued that Plaintiffs' requests are "nothing but a mere subterfuge to, once again, amend their defective complaint." (Docket No. 255 at 2). The Court agrees with the Defendants and hereby **GRANTS** the Motion at Docket No. 255.

## C.  Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC

In its *Motion to Dismiss Third Amended Complaint by Defendants Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC*, Defendants Bayview Loan Servicing LLC (hereinafter, "Bayview") and Lakeview Loan Servicing LLC (hereinafter, "Lakeview") allege that the *Third Amended Complaint* lacks any factual allegations that could support claims against either Defendant. (Docket No. 44). Instead, Bayview and Lakeview claim that Plaintiffs make unsupported legal conclusions wherein they only state that "[d]efendants did not live up to its promises of providing borrowers with reduced loan payments and/or simply submit Plaintiffs to a lengthy Loss Mitigation Process with no result and at the same time filing a foreclosure claim against them." (Docket No. 44 at 1 (citing Docket No. 17 at 23)). Further, Bayview and Lakeview allege three main reasons why the Court should grant their joint motion to dismiss pursuant to Rule

---

[8] The Court has serious doubts as to Act 184 as the law was enacted to deal with Goldman Sachs mortgages cases. The instant cases are not related to Goldman Sachs and the law is further not retroactive in nature. The Court leaves these matters to local court.

12(b)(6): 1) the *First Amended Complaint* misjoins defendants because the document fails to allege a common nucleus of facts required to justify the inclusion of separate claims in a single action; 2) the *First Amended Complaint* fails to meet Rules 8(a) and 12(b)(6)'s pleading standards; 3) nothing in the *First Amended Complaint* suggests that any of the Plaintiffs have standing to sue Bayview or Lakeview. (Docket No. 44).

In regard to the first deficiency, Bayview and Lakeview allege that Plaintiffs have failed to meet their burden of proof because the allegations set forth in the *Third Amended Complaint* do not establish "factual similarity in the allegations supporting" Plaintiffs' claims, which may then support a finding of joinder under Rule 20(a)(1)(A). *See* Docket No. 44 at 2; *see also Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). Further, both Defendants claim that the *Third Amended Complaint* suggests that Plaintiffs' loans arose out of individualized loan modifications and thus joinder is not permissible. *See generally,* Docket No. 44 at 2. Bayview and Lakeview also allege that Plaintiffs cannot (and have not) contended that Defendants "acted in concert" to cause Plaintiffs' supposed injuries. Docket No. 44 at 2; *See also Rivera v. Puerto Rico Metropolitan Bus Authority*, 2016 WL 1599975, at *1 (D.P.R. 2016)("[M]erely alleging that Defendants conspired and acted in concert, in a conclusory manner does not meet the pleading requirement of Fed. R. Civ. P.8(a)(2)"). *See also Redondo Waste Systems, Inc. v. Lopez-Freytes*, 659 F.3d 136, 140-142 (1st Cir.2011).

As to the second deficiency, Bayview and Lakeview contend that Plaintiffs failed to comply with Rule 8(a) by not providing facts that may state a claim which warrants relief. (Docket No. 44 at 3). Moreover, Bayview and Lakeview claim that the *Third Amended Complaint* also fails to meet this Rule by only providing conclusory statements, knowing full well that the First Circuit has reiterated that a complaint must contain more than just "bald assertions, unsupportable

conclusions, periphrastic circumlocutions," to survive a motion to dismiss. (Docket No. 44 at 3-4); *see also Aulson*, 83 F.3d at 3.

Defendants correctly aver that Plaintiffs instead assert "nothing more than generic, unsupported allegations regarding unidentified 'defendants,' accompanied by legal conclusions that said 'defendants' purportedly failed to modify unspecified plaintiffs' mortgage loans." Docket No. 44 at 3-4. Defendants Bayview and Lakeview also argue that Plaintiffs cannot attempt to satisfy Rule 8(a)'s pleading standard by grouping the Defendants. (Docket No. 44 at 4). A complaint "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" in order to provide defendants with fair notice of claims against them. *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154) (1st Cir. 2007).

Finally, in regard to their third claim, Defendants Bayview and Lakeview argue that Plaintiffs lack standing to sue either entity. Docket No. 44 at 5. Both Defendants contend that no Plaintiff has established an injury "traceable to the purported conduct of Bayview or Lakeview, let alone any specific defendant." *Id.* "[P]laintiffs nowhere allege that Bayview or Lakeview serviced any of their loans, much less failed to modify any of their loans." *Id.*

In the *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to refer to any factual allegations from the Complaint that may relate Bayview or Lakeview with the any of the claims set forth in the *Third Amended Complaint*. *See* Docket No. 77. Plaintiffs' *Response* failed to address both Defendants' claims regarding Plaintiffs' failure to address the allegation of not satisfying the *Twombly* and *Iqbal* pleading standards, misjoining parties and lack of standing to bring suit. *See* Docket No. 77. Plaintiffs' refute in general terms allegations included in the various *Replies* filed separately by several of the named Defendants. *See* Docket No. 77. Plaintiffs only reference Bayview and Lakeview twice by name in the *Reply*.

Consequently, Plaintiffs do not identify the defendants Bayview nor Lakeview nor are there are facts provided "showing the pleader is entitled to relief" under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. There is simply no factual scenario alleged as to defendants to "raise a right to relief above the speculative level on the assumption that all allegations in the Complaint are true". *Id.* The Court does not identify facts as to "who did what to whom, when, where, and why" in order to provide defendants with fair notice of claims against them. *Ruiz-Rosa v. Rullan*, 485 F.3d at 154. The Court also understands that because there is no identification of any Plaintiff with Codefendants Bayview or Lakeview, the lack of a connection between a Plaintiff and Codefendants Bayview and Lakeview also constitutes both a lack of standing under Article III of the United States Constitution and a misjoinder under Federal Civil Procedure Rule 20(a)(1).

Accordingly, the Court reiterates its ruling granting the dismissal of all causes of action against Bayview and Lakeview, together with Wells Fargo & Co. ("Wells Fargo"). *See* Docket No. 257. Furthermore, on April 3, 2019 Bayview, Lakeview and Wells Fargo filed a *Response in Opposition to Motion for Leave to File Supplemental Allegations* (Docket No. 246) and *Response in Opposition to Settlement Conference* (Docket No. 247). In the Motion filed at Docket No. 246, the Defendants argued that the *Supplemental Allegations* raised were nothing more than a "futile attempt by plaintiffs to amend their pleading." (Docket No. 246 at 1). According to the Defendants, Plaintiffs failed to raise once again, "any facts that could state a claim for relief, and [the *Motion for Leave to File Supplemental Allegations*] … fails to provide any reason to believe that a fourth attempt could cure the deficiency in plaintiffs' pleading." (Docket No. 246 at 2). Moreover, as to Plaintiffs' request for a settlement conference, the Defendants contend that as the Complaint fails to plead any factual allegations which can impose liability on them, a settlement conference is therefore inappropriate. As alleged by the Codefendants, "neither Bayview, Lakeview, nor Wells

Fargo would have any basis on which to evaluate a settlement demand or to make a settlement offer. Indeed, given the generalized, imprecise, and conclusory nature of plaintiffs' claims, compounded by plaintiffs' lack of standing, there would be nothing to discuss at a settlement conference." (Docket No. 247 at 1).

The Court agrees with Codefendants, Bayview, Lakeview and Wells Fargo's arguments in Motions at Docket Nos. 246 and 247. Hence, the Court hereby dismisses the Complaint as to Codefendants Bayview and Lakeview.[9]

D.  FirstBank

FirstBank of Puerto Rico's (hereinafter, "FirstBank") *Motion for Joinder in Motion to dismiss the Third Amended Complaint and to Strike Class Action Filed by Banco Popular de Puerto Rico, James B. Nutter & Company, Federal National Mortgage Association, Bayview Loan Servicing, LLC and Lakeview Servicing, LLC* moves to join the *Motions to Dismiss* filed by Codefendants, Banco Popular, JNBC, Fannie Mae, Bayview and Lakeview. *See* Docket Nos. 40, 42 and 44, respectively. *See* Docket No. 58.

In sum, FirstBank argues that "Plaintiffs' allegations are so vague that FirstBank cannot appropriately identify the alleged illegal bank/mortgage transactions in terms of the relationship between Plaintiffs and this appearing party. . . [and] leaves the appearing party in the dark as to what laws and regulations it allegedly infringed and as to whom it did." (Docket No. 58 at 2). Accordingly, FirstBank moves the Court to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) and pursuant to the other arguments raised by the Codefendants in their *Motions to Dismiss* at Docket Nos. 40, 42 and 44.

---

[9] Wells Fargo & Company's allegations are covered at Section T, pp. 48-50 of the instant *Opinion and Order*.

The Court finds that Plaintiffs failed to include any factual allegations in their *Response in Opposition to Motions to Dismiss* (Docket No. 73) that may relate FirstBank with the allegations set forth in the Complaint. As a matter of fact, the Court notes that FirstBank is only mentioned by Plaintiffs to establish standing in an attempt to bring suit against the Defendants. *See* Docket No. 73 at 1 and 10.

Further, FirstBank also filed a *Motion for Joinder in Codefendant's Opposition to Plaintiffs' Motion for Leave to File Amended Complaint* (Docket No. 85). Therein, FirstBank sought to join Fannie Mae and JNBC's *Opposition to Plaintiffs' Motion for Leave to File Amended Complaint* (Docket No. 85) and Scotiabank's *Joinder to Codefendants' Opposition to Motion for Leave to File Fourth Amended Complaint at Docket 83* (Docket 84). According to FirstBank, the defects stemming from the Complaint cannot be cured by amendment. The Court agrees with FirstBank. Accordingly, the *Motion for Joinder* was granted on October 2018. *See* Docket 130.

In spite of the fact that the Court had granted FirstBank's *Motion for Joinder* (Docket No. 85), FirstBank filed a *Motion Requesting Order Granting its Motions to Dismiss* (Docket No. 287) wherein the bank requested a ruling granting the *Motion to Dismiss* (Docket No. 58). Upon FirstBank's allegation that the Court had inadvertently not granted its *Motion to Dismiss* in its *Omnibus Opinion and Order* (Docket No. 257), the Court granted FirstBank's request. *See* Docket No. 299.

Thus, in order to clarify the record, the Court hereby dismisses the Complaint with regards to FirstBank for the same reasons as Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

E. <u>Roosevelt Cayman Asset Company and Rushmore Loan Management Services</u>

In the *Motion to Dismiss the Third Amended Complaint*, Roosevelt Cayman Asset Company (hereinafter, "Cayman")[10] and Rushmore Loan Management Services ("Rushmore")[11] move to dismiss this action with prejudice because the Complaint fails on four counts: 1) fails to state any claim for relief; 2) Plaintiffs lack standing to sue Cayman and Rushmore; 3) Defendants are misjoinded, and 4) the Complaint is procedurally defective. *See* Docket No. 59.

In regard to the first flaw, Cayman and Rushmore contend the Complaint fails to state any claim for relief or include any factual allegations that can help the above-mentioned Defendants determine what allegations are being brought against them. Defendants also claim that Plaintiffs thus fail in providing the bare minimum pleading requirements set forth in *Iqbal*, 556 U.S. at 678, as reiterated in *In re Curran*, 855 F.3d 19 (1st Cir. 2017). Further, the Defendants claim that without this "basic information," it is impossible to determine what allegations relate to Cayman and Rushmore, versus what allegations pertain to the other named Defendants in the Complaint.

As to the second flaw, Cayman and Rushmore aver that no Plaintiff has stated in the Complaint having suffered damages resulting from either Cayman or Rushmore. The Defendant corporations explain that the Complaint lacks any allegations stating that a Plaintiff's loans were serviced or modified by either of them. The abovementioned Defendants claim that this lack of specificity is sufficient proof for the Defendants to argue that Plaintiffs lack standing under Article III of the United States Constitution as to claims against them. *See* Docket No. 59 at 2.

---

[10] The Court notes that although Plaintiffs included both Roosevelt Cayman Asset Company and Roosevelt Cayman Asset Company II ("Cayman II") as Defendants in the Complaint, most of the docket entries related to said codefendants were filed on behalf of Cayman. Cayman II was served process on February 1, 2019. *See* Docket No. 165. Likewise, *Motion for Joinder to Dismiss Motions to Dismiss and Motions to Dismiss Third Amended Complaint* on behalf of Cayman II was filed on March 1, 2019. *See* Docket No. 199.

[11] Although Plaintiffs included Rushmore Loan Management and Rushmore Loan Management Services as Defendants in the instant Complaint, all docket entries related to Rushmore were filed on behalf of Rushmore Loan Management Services. Accordingly, the Court acts towards both entities as one and the same.

Accordingly, the Codefendants request that the Court dismiss the Complaint. *See e.g.,* *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016)(wherein the First Circuit stated that "[j]ust as the plaintiff bears the burden of plausibly alleging a viable cause of action… so too the plaintiff bears the burden of pleading facts necessary to demonstrate standing".) (internal citations omitted).

Regarding the Complaint's third purported flaw, Defendants Cayman and Rushmore claim that all Defendants in the instant case are misjoined. Firstly, they all assert that Plaintiffs' allegations are so obscure, that it is impossible to determine which allegations stem from similar transactions and which do not. Cayman and Rushmore argue that Plaintiffs instead seem to have included Defendants "willy-nilly". As such, Plaintiffs included "loan servicers (like Rushmore) and banks …, but also entities that are not engaged in Puerto Rico's loan industry (…Wells Fargo & Co.) and others that do not issue or handle loans at all (the Tax Free Puerto Rico Target Maturity Fund, Inc.)." (Docket No. 59 at 3). Hence, according to Cayman and Rushmore, the case at bar does not involve common questions of law, and thus Defendants are misjoined under Rule 20. *See Cruz*, 699 F.3d at 569.

Finally, the fourth fatal flaw according to Codefendants Cayman and Rushmore contend is the fact that the Complaint fails to comply with the requirements set forth in Rules 8(a)(2) and 9(b). For example, Defendants allege that Plaintiffs failed to comply with Rule 8(a)(2)'s "short and plain statement of claim" requirement. *See* Fed. R. Civ. P. 8(a)(2). Furthermore, Cayman and Rushmore argue that the Complaint should be dismissed because parties that alleged fraud must, pursuant to Rule 9(b), be specific and detailed in their allegations and, hence, Plaintiffs have failed to plead the elevated factual standard required under fraud allegations as to Cayman and

Rushmore. *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991). Accordingly, these procedural deficiencies, should also be sufficient to dismiss the Complaint.

In their *Response in Opposition to Motions to Dismiss and Motions for Joinder*, Plaintiffs failed to include any factual allegations that may relate to Cayman or Rushmore with any of the facts claimed in the Complaint. *See* Docket No. 73. Plaintiffs merely briefly connect Plaintiffs Ian del Llano and Karen Barreda Rivera to a loan wherein Cayman has an interest and allege that said company instituted foreclosure proceedings against them. However, Plaintiffs failed to specify from which Defendant they suffered damages from as a result thereof. *See id.* at 8. Furthermore, the *Response* only refers to Rushmore in passing, as one of the Defendants who had filed *Joinder for Motions to Dismiss and Motions to Dismiss,* and merely named a Plaintiff who allegedly had standing to bring suit against Rushmore. The *Response*, however, provided no further details as to how Rushmore is responsible for the damages allegedly suffered by a Plaintiff. The Court finds that identifying a Codefendant that instituted a foreclosure proceeding against a Plaintiff is insufficient to establish that a cause of action is warranted. There needs to be allegations of liability and damages at least briefly alleged with facts as to an identified defendant in order to file a claim and seek compensation.

Besides, a *Motion for Joinder to Motions to Dismiss and Motions to Dismiss Third Amended Complaint* was filed by Rushmore Loan Management Services at Docket No. 199. Cayman and Rushmore alongside other Codefendants[12], also filed *Motion for Joinder to Motions at Docket Nos. 246 and 247* wherein they requested to join the oppositions to *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.* (Docket No. 226) and *Motion for*

---

[12] *See supra* note 7.

*Settlement Conference* (Docket No. 227) filed by Bayview and (Docket No. 246) and Wells Fargo (Docket No. 247). *See* Docket No. 248.

For the reasons stated herein, the Court **GRANTS** Defendants Cayman and Rushmore's request for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), for lack of standing under Article III of the United States Constitution, and noncompliance with Fed.R.Civ.P. 8(a)(2) and 9(b), namely, fraud specificity and its elevated factual standard. Additionally, Rushmore's *Joinder to Motion to Dismiss and Motion to Dismiss Third Amended Complaint* is hereby **GRANTED**.

The Court further notes that on its *Omnibus Opinion and Order* (Docket No. 257) Cayman and Rushmore's *Joint Motion to Dismiss* (Docket No. 59) was granted by the Court.

F.  <u>Banco Santander Puerto Rico</u>

On March 12, 2018, Codefendant, Banco Santander Puerto Rico (hereinafter, "Santander") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 60). Therein, Santander moved to dismiss the instant action with prejudice while joining the *Motions to Dismiss* filed by Codefendants. In sum, Santander states that "instead of clogging the docket with similar arguments for dismissal, … it adopts all of [the other Codefendants'] arguments as if fully set forth herein." *See* Docket No. 60 at 2. Namely, Santander also moves to join the *Motions to Dismiss* filed by Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44, respectively, all of which have been granted by the Court. *See* Docket No. 257.

Notably, Santander argues that Plaintiffs failed to include an allegation against Santander in the Complaint. In lieu, Plaintiffs only made reference to Santander's *Motion to Dismiss* and *Motion for Joinder* in its introductory paragraphs and when trying to establish standing to bring suit against Santander. *See* Docket No. 73. The Court finds that such deficiency is irremediable.

31

Therefore, the Court hereby **GRANTS** Santander's *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 60), thus, dismisses the Complaint in favor of Santander for the same reasoning as Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

On another note, Santander, alongside other Codefendants,[13] filed *Motion for Joinder to Motions at Docket Nos. 246 and 247* requesting to join the oppositions as to the *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.* (Docket No. 226) and *Motion for Settlement Conference* (Docket No. 227) filed by Bayview and Lakeview (Docket No. 246) and Wells Fargo (Docket No. 247). *See* Docket No. 248. The Court also **GRANTS** Santander's *Motion for Joinder* at Docket No. 248.

G. Oriental Bank Puerto Rico

On March 12, 2018, Oriental Bank Puerto Rico (hereinafter, "Oriental Bank")[14] filed a *Joinder in Motions to Dismiss the Third Amended Complaint and to Strike Class Action Allegations Filed by Banco Popular de Puerto Rico, James B. Nutter & Company, Federal National Mortgage Association, Bayview Loan Servicing LLC and Lakeview Servicing LLC* (Docket No. 63). Therein, Oriental Bank moved to join *Motions to Dismiss* filed by Banco Popular, JBNC, Fannie Mae, Bayview and Lakeview. *See* Docket Nos. 40, 42, and 44, respectively. According to Oriental Bank, all of the Codefendants' arguments are adopted "[so] as to avoid multiplicity and save this Court's valuable time and resources." (Docket No. 63 at 2).

---

[13] For future reference, the defendants that filed the Motion are Cayman, Cayman II, Roosevelt REO PR Corp., Roosevelt REO PR IV Corp., Tax-Free PR Target Maturity Fund, Inc., Rushmore, Santander, Santander Financial, Inc. (d/b/a Island Finance Corp.), and PR Asset Portfolio 2013-1 International, LLC.

[14] The Court notes that Plaintiffs included Oriental and Oriental Bank Puerto Rico as Defendants in the Complaint as if they were different entities. However, for purposes of the instant *Opinion and Order*, the Court acts towards both entities as one and the same.

In sum, Oriental Bank argues that "[t]he Third Amended Complaint does not include a single allegation against Oriental Bank. In fact, Oriental Bank has been unable thus far to identify a single Plaintiff whose mortgage loan, currently served by Oriental Bank, may have been facing foreclosure and/or a loan modification process to which the insufficient, vague, and unsupported allegations in the Third Amended Complaint could apply." (Docket No. 63 ¶ 5). Thus, Oriental Bank requests a dismissal in a similar fashion as *González Camacho v. Banco Popular de Puerto Rico* (Civil No. 17-1148) was dismissed. According to Oriental Bank, due to the similarity between the instant case and that of *González Camacho*, the *Motion to Dismiss* filed therein is equally applicable to the case at bar. *See* Docket No. 63 at 2.

Plaintiffs' *Response in Opposition to Motions to Dismiss* failed to include any factual allegations that relate Oriental Bank with the claims set forth in the Complaint. In essence, Oriental is mentioned in passing as a defendant who sought an extension of time to file a request for dismissal and/or joinder. Notably, Oriental Bank is only mentioned when trying to establish standing to bring suit against Defendants. *See* Docket No. 73 at 1 and 9, respectively. The Court finds such deficiency to be fatal under the law as stated in the Banco Popular analysis. *See infra* at p. 2-3 of this Opinion.

Further, on April 25, 2018, Oriental Bank filed a *Joinder in Defendant Banco Popular's Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 90) and Defendants Fannie Mae and James B. Nutter & Co.'s Motion to Strike Amended Complaint (Docket No. 91). See* Docket No. 92. The Court ultimately granted Oriental Bank's request. *See* Docket No. 132; *see also* Docket No. 288.

Lastly, Oriental filed a *Response in Opposition to Motion at Docket No. 226* (Docket No. 241) wherein the bank requested that the Court deny Plaintiffs' proposed amendments to the

Complaint (Docket No. 226) alleging that herein "no allegations presented any specific acts or conduct that would allow the Court to determine any liability or that would justify granting any relief" same as in the *González-Camacho's* case. (Docket No. 241 ¶ 2); *see also*, *Rife v. One W. Bank*, 873 F.3d 17, 20–21 (1st Cir. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (""Leave to amend should be 'freely given ... when justice so requires[,]' . . . absent an apparent or declared reason such as 'futility of amendment.'") The Court notes that the First Circuit has explained that '[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id.* (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).

The Court notes that Oriental Bank's *Motion for Joinder* (Docket No. 92) was already granted by the Court. *See* Docket No. 140. Moreover, for the reasons stated herein and under the same reasoning as the dismissal granted in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, the Court hereby **GRANTS** Oriental Bank's *Response in Opposition to Motion* (Docket No. 226). Thus, the Complaint is dismissed as to Oriental Bank.

## H. Scotiabank de Puerto Rico

On March 13, 2018, Scotiabank de Puerto Rico (hereinafter, "Scotiabank")[15] filed a *Motion to Dismiss & Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 64). Therein, Scotiabank moved for dismissal alleging that the Complaint does not specify any factual allegations against said institution. *See id.* In sum, Scotiabank contends that "to survive a motion to dismiss, Plaintiffs must 'contain sufficient factual matter' that if accepted as true, states a plausible claim. *Iqbal*, 556 U.S. at 678. (Docket No. 64 at 2-3). Particularly, Scotiabank claims

---

[15] The Court notes that in spite of the fact that Plaintiffs included Scotiabank Puerto Rico, Inc. and Scotiabank de Puerto Rico as Defendants in the Complaint as if they were different entities, all motions related to Scotiabank were filed on behalf of Scotiabank de Puerto Rico. Thus, for purposes of this *Opinion and Order*, the Court acts towards both entities as one and the same.

that Plaintiffs' Complaint "relies on vague, conclusory allegations, while failing to specify the acts (and alleged wrongdoings) of any defendant."

Furthermore, according to Scotiabank, "treating disparate parties identically without explanation, as Plaintiffs do throughout the [Complaint], deprives each individual party of a fair and meaningful opportunity to defend itself." *Romero v. Countrywide Bank, N.A*., 740 F. Supp. 2d 1129, 1136 (N.D. Cal. 2010) (citing *Twombly*, 550 U.S. at 553-55). *Id.* at 3. This grouping breaches the pleading standards set forth in *Twombly* as to Rule 12(b)(6) and Rule 8. *See, also BBK Tobacco & Foods LLP v. Skunk Inc.,* 2019 WL 1921594, at *5 (D. Ariz. 2019) (citing *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D.C. 2010)("Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations . . . One common type of shotgun pleading . . . [is] where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong.") Moreover, Scotiabank joins, adopts incorporates by reference the arguments proposed by Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview in their *Motions to Dismiss*. *See* Docket Nos. 40, 42 and 44, respectively.

As stated before, in their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations that may relate to Scotiabank with any of the claims set for in the Complaint. Particularly, Scotiabank is only mentioned in passing in order to try to establish standing to bring suit against Defendants. *See* Docket No. 73. The Court finds that such deficiency is fatal.

Thus, the Court hereby dismisses the Complaint as to Scotiabank for the same reasons for dismissal as Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

On another note, Scotiabank filed a *Motion for Joinder to Codefendant's Opposition to Plaintiffs' Motions for Leave to File Fourth Amended Complaint* (Docket No. 84) originally filed by Fannie Mae and JNBC. Therein, Scotiabank requested the Court to deny Plaintiffs' *Motion for Leave to File Amended Complaint; Motion for Leave to File a Separate Document and Memorandum of Law in Support* (Docket No. 77). The Court notes that Scotiabank's request has already been granted. *See* Docket No. 129. Finally, the Court hereby reiterates its determination of striking from the record Plaintiffs' Fourth Amended Complaint. *See* Docket No. 265.

I.   Federal Home Loan Mortgage Corporation (Freddie Mac)

On October 2, 2018, Federal Home Loan Mortgage Corporation (hereinafter, "Freddie Mac") moved for dismissal pursuant to a lack of jurisdiction defense Fed.R.Civ.P. 12(b)(2). In sum, Freddie Mac claims that it has not been properly served and more importantly, Plaintiffs have failed to submit any evidence to the Court regarding its efforts to serve Freddie Mac.

In their *Response to Defendant's Motion at Docket No. 121* (Docket No. 154), Plaintiffs requested a dismissal without prejudice on the case against Freddie Mac. The request was granted by the Court, following the same reasoning that the Court has previously resorted to, namely, dismissal for lack of facts to determine liability as to Freddie Mac. *See* Docket No. 272.

J.   MidFirst Bank

On February 27, 2019, Codefendant, MidFirst Bank (hereinafter, "MidFirst") filed a *Joinder in Motions to Dismiss the Third Amended Complaint and to Strike Class Action Allegations Filed by Banco Popular de Puerto Rico, James B. Nutter & Company, Federal National Mortgage Association, Bayview Loan Servicing LLC and Lakeview Servicing LLC* (Docket No. 184). Therein, MidFirst moved to join the *Motions to Dismiss* filed by Codefendants

Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Dockets Nos. 40, 42 and 44, respectively.

According to MidFirst, "[as] with the Complaint in *[González] Camacho v. Banco Popular de Puerto Rico*, Case No. 17-cv-2263 (DRD) (D.P.R. 2017), [where MidFirst was not a party] also filed by many of the Plaintiffs in this case, the Complaint in this case should be dismissed pursuant to rule 12(b)(6), in its entirety." (Docket No. 184 at 2). Thus, MidFirst moves for a dismissal for failure to state a claim upon which relief can be granted and requests the dismissal to be with prejudice and without leave to once again amend the complaint. *See* Fed.R.Civ.P. 12(b)(6); *see also* Docket No. 184. The Court notes that Plaintiffs also failed to oppose to MidFirst's motion for joinder, thus, the request is hereby deemed as unopposed.

MidFirst further filed a *Motion for Entry of Order Granting its Motion to Dismiss* (Docket No. 303) wherein the mover requests the Court to grant the aforementioned motion for joinder as to dismissal. According to MidFirst, the Court should grant the request for joiner pursuant to the same reasoning expressed in the *Omnibus Opinion and Order* (Docket No. 257). Thus, in order to clarify the record, the Court hereby **GRANTS** MidFirst's Motion for Joinder, and accordingly, dismisses the Complaint as to MidFirst under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

K. <u>Tax-Free PR Maturity Fund, Inc.</u>

On February 27, 2019, Codefendant, Tax-Free PR Maturity Fund, Inc. (hereinafter, "Tax-Free PR") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 186). Therein, Tax-Free PR moved for dismissal of the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44,

respectively. More importantly, Tax-Free PR argues that Plaintiffs failed to serve process on the defendant for over a year after the filing of the Complaint. *See* Docket No. 186. The Court notes that Plaintiffs failed to oppose to Tax-Free PR's motion for joinder, thus, the request is hereby deemed as unopposed.

Tax-Free PR also filed a *Motion for Joinder to Motions at Docket Nos. 246 and 247* (Docket No. 248) alongside other Codefendants[16] wherein they requested to join the oppositions filed by Codefendants Bayview and Lakeview and Wells Fargo (Docket Nos. 246 and 247) as to denial of the *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.,* and *Motion for Settlement Conference*. *See* Docket Nos. 226 and 227, respectively.

Thus, in order to clarify the record, the Court hereby **GRANTS** Tax-Free PR's *Motion to Dismiss and Joinder* (Docket No. 186), and accordingly, dismisses the Complaint as to Tax-Free PR under the same reasoning as the dismissals in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview. Furthermore, the Court hereby **GRANTS** Tax-Free PR's *Motion for Joinder to Motions at Docket Nos. 246 and 247.* (Docket No. 248).

L. <u>CitiMortgage, Inc.</u>

On March 1, 2019, Codefendant, CitiMortgage, Inc. (hereinafter, "CitiMortgage") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 196). CitiMortgage moves to dismiss the instant action with prejudice and to join the *Motions to Dismiss* filed by Codefendants, Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44, respectively. Further, CitiMortgage moves to join the *Motion to Dismiss* filed by Codefendant, Tax-Free PR which also requested joinder to *Motions to Dismiss* at Docket Nos. 40, 42 and 44. In sum, CitiMortgage argues that Plaintiffs failed

---

[16] *See supra* note 7.

to include allegations against them in the Complaint nor identify one particular cause of action against CitiMortgage. Thus, CitiMortgage requests dismissal of the Complaint in its favor. *See* Docket No. 196 at 2. The Court notes that Plaintiffs failed to oppose to CitiMortgage's motion for joinder, thus, the request is hereby deemed as unopposed.

Therefore, in order to clarify the record, the Court hereby **GRANTS** CitiMortgage's *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 196) under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

Lastly, on April 3, 2019, CitiMortgage along with Codefendants, Fannie Mae and JNBC, filed a *Motion to Join Oppositions to Plaintiffs' Motion for Settlement Conference & Motion to File Supplemental Allegations* (Docket No. 255). Therein, they argue that Plaintiffs' requests were "nothing but a mere subterfuge to, once again, amend their defective complaint." (Docket No. 255 at 2. The Court agrees with the Codefendants' allegations and hereby **GRANTS** the *Motion to Join* at Docket No. 255.

M. <u>Roosevelt REO PR Corp. and Roosevelt REO PR IV Corp.</u>

On March 1, 2019, Codefendants Roosevelt REO PR Corp., Roosevelt Cayman Asset Company II/Servicing Agent Rushmore Loan Management Services, and Roosevelt REO PR IV Corp. (collectively, "Roosevelt") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 199). Therein, Roosevelt moved for dismissal of the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44, respectively.[17] More importantly, Roosevelt argues that Plaintiffs failed to serve process

---

[17] This motion was presented by Roosevelt REO PR Corp., Cayman II/Servicing Agent Rushmore, and Roosevelt REO PR. The Court notes that in spite of the fact that Plaintiffs included Roosevelt REO PR IV Corp., Roosevelt REO

on the defendant for over a year after the filing of the Complaint. *See* Docket No. 186. The Court notes that Plaintiffs failed to oppose to Roosevelt's motion for joinder, thus, the request is hereby deemed as unopposed.

Furthermore, Roosevelt REO and Roosevelt REO IV (together "Roosevelt") explained in its Motion that two entities related to Roosevelt (to wit, Cayman and Rushmore, the latter of which received a summons "bundled" with Cayman II)) filed their own *Motion to Dismiss* on March 2018. *See* Docket No. 59. Roosevelt also adopted all the arguments in the above stated motions to dismiss as if fully set forth herein. (Docket No. 199 at 2). Roosevelt alleges that the Complaint failed to include factual allegations against Roosevelt REO, Cayman II and Roosevelt REO IV, hence, a dismissal with prejudice and without leave to once again amend the complaint is warranted.

Thus, in order to clarify the record, the Court hereby **GRANTS** Roosevelt's *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 199), and accordingly, dismisses the Complaint as to Roosevelt under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

On a final note, Cayman and Rushmore filed a *Motion for Joinder to Motions at Docket Nos. 246 and 247* (Docket No. 248) alongside other Codefendants[18] wherein they requested to join the oppositions filed by Codefendants Bayview and Lakeview and Wells Fargo (Docket Nos. 246 and 247) to *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.,* and *Motion for Settlement Conference*. *See* Docket Nos. 226 and 227, respectively. Accordingly, the

---

PR Corp. and Roosevelt REO as named Defendants in the Complaint as if they were different entities, all motions in the docket have been filed by Roosevelt REO PR IV Corp. and Roosevelt REO PR Corp. However, the instant *Opinion and Order* is applicable to Roosevelt REO PR Corp., Cayman II/Servicing Agent Rushmore, and Roosevelt REO PR.

[18] *See supra* note 7.

Court hereby **GRANTS** Cayman and Rushmore's *Motion for Joinder to Motions at Docket Nos. 246 and 247.* (Docket No. 248).

N.  PR Asset Portfolio 2013-I International, LLC

On March 1, 2019, Codefendant, PR Asset Portfolio 2013-1 International, LLC (hereinafter, "PRAPI") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 200). Therein, PRAPI moved for dismissal of the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44, respectively. In sum, PRAPI "joins the Motions to Dismiss pending in this case. . . . And it adopts all of their arguments as if fully set forth herein." (Docket No. 200 at 2). PRAPI alleges that the Complaint failed to include factual allegations against them, thus, a dismissal with prejudice and further deny any leave to once again amend the complaint.

The Court notes that Plaintiffs failed to oppose to PRAPI's motion for joinder, thus, the request is hereby deemed unopposed. Accordingly, in order to clarify the record, the Court hereby **GRANTS** PRAPI's *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 200) and therefore, dismisses the Complaint as to PRAPI under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

Further, PRAPI filed a *Motion for Joinder to Motions at Docket Nos. 246 and 247* (Docket No. 248) alongside other Codefendants[19] wherein they requested to join the oppositions filed by Codefendants Bayview and Lakeview and Wells Fargo (Docket Nos. 246 and 247) to *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.,* and *Motion for Settlement*

---

[19] *See supra* note 7.

*Conference.* *See* Docket Nos. 226 and 227, respectively. Accordingly, the Court hereby **GRANTS** PRAPI's *Motion for Joinder to Motions at Docket Nos. 246 and 247.* (Docket No. 248).

O. <u>TRM, LLC and RNPM, LLC</u>

On March 1, 2019, Codefendant, TRM, LLC and RNPM, LLC (hereinafter "TRM" and "RNP") filed a *Motion to Dismiss & Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 205). Therein, TRM and RNP moved to dismiss the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44, respectively. TRM and RNP begin by arguing that the present Complaint is a "copy-paste of the complaint filed in *Lilliam González v. USA,* Civil No. 17-448, meaning it's just as fatally deficient." (Docket No. 205 at 1). According to TRM and RNP, "[t]he Complaint relies on vague, conclusory allegations, while failing to specify the acts (and alleged wrongdoings) of any defendants" which in turn fail to meet the *Iqbal* and *Twombly* standards. *Id.* at 2. TRM and RNP[20] further contend that "Plaintiffs group all of the Defendants together and fail to set forth a single specific fact regarding any of the individual Plaintiffs the Defendants or the alleged loans-in spite of the fact that they have already amended their complaint three times." *Id.* at 3. Likewise, TRM and RNP argue the Complaint fails to provide "fair notice of what the … claim is and the grounds upon which it rests". *Id.* at 3; *see Twombly,* 550 U.S. at 555. Lastly, TRM and RNP further move to join the *Motions to Dismiss* filed by Codefendants, Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, Docket Nos. 40, 42 and 44, respectively, and all the arguments set forth therein.

---

[20] According to TRM and RNP, "only two of the Plaintiffs (Ana Berríos Robles and Francisca Cruz Delgado) appear on their records. However, no specific allegations are raised in the Complaint related to either of the Codefendants. *See* Docket No. 10.

The Court notes that Plaintiffs failed to oppose to TRM and RNP's motion for joinder, thus, the request is hereby deemed as unopposed. The Court further clarifies that TRM and RNP's *Motion to Dismiss* was **GRANTED** on April 8, 2019. *See* Docket No. 271. However, in order to clarify the record, the Court hereby reiterates its dismissal in favor of TRM and RNP.

P.  Santander Financial Services, Inc.

On March 7, 2019, Codefendant, Santander Financial, Inc. (d/b/a Island Finance Corp.) (hereinafter, "Santander Financial") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 213). Therein, Santander Financial moved for dismissal of the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview at Docket Nos. 40, 42 and 44, respectively. Moreover, Santander Financial argues that "instead of clogging the docket with similar arguments for dismissal … it adopts all of their arguments as if fully set forth herein." (Docket No. 213 at 2).

In sum, Santander Financial contends that Plaintiffs failed to include any factual allegations against them as to wrongful acts and damages to the Plaintiffs. Further, and most critical, that no Plaintiff stated having a relationship with said entity. Thus, Santander Financial moves the Court to dismiss the Complaint.

The Court notes that Plaintiffs failed to oppose to Roosevelt's motion for joinder, thus, the request is hereby deemed as unopposed.

On another note, Santander Financial filed a *Motion for Joinder to Motions at Docket Nos. 246 and 247* (Docket No. 248) alongside other Codefendants[21] wherein they requested to join the oppositions filed by Codefendants Bayview and Lakeview and Wells Fargo (Docket Nos. 246 and

---

[21] *See supra* note 7.

247) to *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.,* and *Motion for Settlement Conference. See* Docket Nos. 226 and 227, respectively. Accordingly, the Court hereby **GRANTS** Santander Financial's *Motion for Joinder to Motions at Docket Nos. 246 and 247* as the Court has made applicable as to other Codefendants. (Docket No. 248).

Lastly, Santander Financial filed a *Motion for Entry of Order Granting its Motions to Dismiss* wherein it requested the Court grants its *Motion to Dismiss* filed at Docket No. 213. *See* Docket No. 281. According to Santander Financial, the Court's *Omnibus Opinion and Order* (Docket No. 257) did not mention its intention to grant Santander Financial's *Motion to Dismiss.* Thus, in order to further clarify the record, the Court hereby **GRANTS** Santander Financial's *Motion to Dismiss* (Docket No. 213), and accordingly, dismisses the instant Complaint as to Santander Financial.

Q. Coop. de Ahorro y Crédito de Ciales

On March 15, 2019, Codefendant, Cooperative de Ahorro y Crédito de Ciales (hereinafter, "Ciales Coop.") filed a *Motion for Joinder: Motions to Dismiss Third Amended Complaint (TAC) filed by co-defendants on dockets 40, 42 and 44. See* Docket No. 223. Therein, Ciales Coop. moved to join "in its full force and extent the Motions to Dismiss filed on Docket Nos. 40, 42 and 44.[22] (Docket No. 223 at 1-2).

In sum, Ciales Coop. contends that Plaintiffs failed to include any factual allegations against them. Further, it fails to link any of the Plaintiffs with Ciales Coop., fails to explain any relationship of a Plaintiff with Ciales Coop., and which loan, if any, a Plaintiff has or previously had with Ciales Coop. Thus, a dismissal with prejudice and without leave to once again amend the

---

[22] The Motions to Dismiss filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

complaint is warranted. Moreover, the Court notes that Plaintiffs failed to oppose to Ciales Coop.'s motion for joinder, thus, the request is hereby deemed as unopposed.

Accordingly, in order to clarify the record, the Court hereby **GRANTS** Ciales Coop.'s *Motion for Joinder: Motions to Dismiss Third Amended Complaint (TAC) filed by co-defendants on dockets 40, 42 and 44.* (Docket No. 223) and accordingly, dismisses the Complaint as to Ciales Coop. under the same reasoning as its dismissal expressed herein in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

R. Lime Residential, Ltd., Lime Properties, Ltd. and DLJ Mortgage Capital

On April 1, 2019, Codefendants, Lime Residential, Ltd.[23], Lime Properties, Ltd., and DLJ Mortgage Capital, Inc. (collectively "Lime and DLJ Defendants") filed a *Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. No. 17) and Joinder in Co-Defendants' Motions to Dismiss. See* Docket No. 232. Therein, Lime and DLJ Defendants moved for dismissal of the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, Roosevelt and Rushmore and Scotiabank at Docket Nos. 40, 42, 44, 59 and 64, respectively *See* Docket No. 232 at 4.

According to Lime and DLJ Defendants, "[t]he Complaint is a virtual carbon copy of the complaint filed by several of the same plaintiffs against many of the same defendants in González-Camacho v. Banco Popular de Puerto Rico, 318 F.Supp.3d 461 (D.P.R. 2018)." (Docket No. 232 at 1). In sum, Lime and DLJ Defendants argue that as in the *González-Camacho* case, "Plaintiffs have (again) failed to assert a single Constitutional, jurisdictional or factual allegation directed to the Lime and DLJ Defendants. No general personal jurisdiction exists as to these defendants, nor have plaintiffs alleged any facts necessary to establish specific jurisdiction or Article III standing

---

[23] Misidentified in the caption as "Lime Properties Residencial Ltd."

as to them." *Id.* at 2. Furthermore, Lime and DLJ Defendants aver that "the Complaint fails to satisfy the basic pleading requirements set forth in the Federal Rules of Civil Procedure, including under Rules 8(a), 9(b), 10(b) and 20(a)(1), and otherwise fails under Rule 12(b)(6) to state any claim upon which plaintiffs purport to seek relief." *Id.*

In sum, Lime and DLJ Defendants contend that Plaintiffs failed to include any factual allegations against said parties and failed to reference to any activities conducted by Lime and DLJ Defendants in Puerto Rico. As "the Lime Residential and Lime Properties are incorporated under the laws of The Bahamas, and DLJ is incorporated in Delaware and each maintain its principal place of business in New York, they are not "at home" in Puerto Rico for jurisdictional purposes. *Id.* Thus, the Complaint is devoid of facts related to Lime and DLJ Defendants that establish personal jurisdiction of Constitutional standing over them. It is further argued that,

> "[i]n order for a court to properly exercise personal jurisdiction over defendants, plaintiffs must prove "the existence of minimum contacts between the nonresident defendant and the forum." See González-Camacho, 318 F.Supp.3d at 491 (citing Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945)). The plaintiffs must "make affirmative proof" and "submit properly supported facts." See González-Camacho, 318 F.Supp.3d at 503 (citing Extreme LLC v. Extreme Electronics Corporation, 2017 WL 3098092, at *2 (D.P.R. 2017)); see also Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) ("defendant's suit-related conduct must create a substantial connection with the forum State"); Estate of Rosario v. Falken Tire Corp., 109 F. Supp. 3d 485, 495 (D.P.R. 2015) (for personal jurisdiction, plaintiff must demonstrate that foreign defendant's conduct related to alleged claims establishes minimum contacts with Puerto Rico)."

*Id.* at 2-3. Finally, Lime and DLJ Defendants argue that Plaintiffs failed to state a claim for which relief can be granted as "Plaintiffs . . . offer[ed] only vague and conclusory assertions directed by all plaintiffs against all defendants, without ever attempting to explain what any specific defendant allegedly did with respect to any particular plaintiff." *Id.* at 4.

The Court notes that Lime and DLJ Defendants' request for dismissal and joinder was granted on April 8, 2019. *See* Docket No. 266. However, in order to clarify the record, the Court hereby **GRANTS** Lime and DLJ Defendants' *Motion to Dismiss for Failure to State a Claim Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. No. 17) and Joinder in Co-Defendants' Motions to Dismiss* (Docket No. 232) and accordingly, dismisses the Complaint as to Lime and DLJ Defendants under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

Lastly, Lime and DLJ Defendants filed an *Opposition to Plaintiff's Motion for Leave to File Supplemental Allegations Under FR[CP 15(d) et al (Docket No. 226)* (Docket No. 276) wherein they argue that allowing the filing of supplemental allegations would "be an exercise in futility, as, if granted, their new amended pleading would not survive the various motions to dismiss already granted on the insufficiency of their previous allegations, and would only result in additional briefing to address the new allegations." (Docket No. 276 at 4). They further argue that "the intended supplemental allegations raise new matters related to purported damages suffered by the Government and the People of Puerto Rico, an issue that is wholly unrelated to the allegations set forth in the operative complaint." *Id.* Therefore, Plaintiffs have failed to pass the standing test required to proceed with the instant action. Finally, Lime and DLJ Defendants contend that Plaintiffs' allegation that creditor's rights had to be recorded in the Puerto Rico Registry is unfounded, as such credit rights need not be recorded to be effective. *Id.* at 6. The Court finds Lime and DLJ Defendants arguments valid, persuasive and pursuant to law, thus, **DENIES** Plaintiffs' *Motion for Leave to File Supplemental Allegations Under FRBP 15(d) et al.* (Docket No. 226) and *Motion for Settlement Conference* (Docket No. 227).

S. <u>Banco Cooperativo de Puerto Rico</u>

On April 1, 2019, Codefendant, Banco Cooperativo de Puerto Rico (hereinafter, "Banco Cooperativo") filed a *Motion to Dismiss the Third Amended Complaint and for Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 233). Therein, Banco Cooperativo argues that Plaintiffs failed to serve process on the Codefendant for over a year after the filing of the Complaint. *See* Docket No. 233. Hence, a dismissal without prejudice under Fed.R.Civ.P. 4(m) is warranted. However, Banco Cooperativo argues that the allegations contained in the Complaint merit a dismissal with prejudice. Consequently, Banco Cooperativo moved to join the *Motions to Dismiss* filed by Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview. *See* Docket Nos. 40, 42 and 44, respectively. Namely, Banco Cooperativo joins the above-mentioned *Motions to Dismiss* because "in the interest of judicial economy [it] adopts the arguments set forth by its co-defendants therein as applicable to itself." (Docket No. 233 at 2).

The Court notes that Plaintiffs failed to oppose to Banco Cooperativo's request for dismissal and joinder, thus, the request is hereby deemed as unopposed. It is further noted that on April 8, 2019, Banco Cooperativo's motion was granted by the Court. *See* Docket No. 267.

However, in order to clarify the record, the Court hereby **GRANTS** Banco Cooperativo's *Motion to Dismiss the Third Amended Complaint and for Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 233), and accordingly, dismisses the Complaint as to Banco Cooperativo under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

T. <u>Wells Fargo & Company</u>

On April 1, 2019, Codefendant, Wells Fargo & Company (hereinafter, "Wells Fargo") filed a *Motion to Dismiss Third Amended Complaint for Lack of Personal Jurisdiction and Notice of*

*Joinder in Motion to Dismiss Third Amended Complaint Filed by Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC* (Docket No. 238). To wit, said Codefendant contends that Plaintiffs failed "to allege that [Wells Fargo] had any contacts—let alone minimum contacts—with Puerto Rico" deficiency that "would violate concepts of fair play and substantial justice imbued in the due process clause of the Fourteenth Amendment." (Docket No. 238 at 2). More importantly, Plaintiffs cannot establish that the injury they ascribe to Wells Fargo occurred as said entity does not conduct business in Puerto Rico. Thus, Plaintiffs have failed to prove that contacts with Puerto Rico were the proximate cause of Plaintiffs' injuries. *See Burger King v. Rudzewickz*, 471 U.S. 462, 486 (1985)("The 'quality and nature' of an interstate transaction may sometimes be so 'random', 'fortuitous', or 'attenuated' that it cannot fairly be said that the potential defendant 'should reasonably anticipate being hauled into court' in another jurisdiction.")(internal citations omitted).

According to Wells Fargo, "Plaintiffs do not allege that their cause of action relates to, much less arises directly out of, any activity by WFC in Puerto Rico because they have not asserted a single factual allegation that WFC conducts any business in Puerto Rico." (Docket No. 238 at 4). Nor do they allege that Wells Fargo "intentionally—that is, 'purposefully and voluntarily' – directed any activities toward Puerto Rico." *Id. See Estate of Rosario v. Falken Tire Corp.*, 109 F. Supp. 3d 485, 495 (D.P.R. 2015). As Plaintiffs have failed to allege the existence of general and specific personal jurisdiction over Wells Fargo, the Court deems unnecessary to evaluate the reasonableness of exercising personal jurisdiction over Wells Fargo.

In sum, Wells Fargo states that the financial institution does not provide, nor does it service any mortgage loans or has been part of foreclosure proceedings in Puerto Rico. More importantly,

no factual allegations against Wells Fargo were included in the Complaint wherein it is established that Wells Fargo, in effect, carries out business in Puerto Rico.

Lastly, Wells Fargo moved to join the *Motion to Dismiss* filed by Codefendants, Bayview and Lakeview. *See* Docket No. 44. Therein, Wells Fargo moved to adopt entirely all their arguments "on the bases that it (1) mis-joined the parties, (2) lacked factual allegations sufficient to maintain any claim, much less any plausible claim, for relief, and (3) failed to establish plaintiffs' standing." (Docket No. 238 at 4-5).

The Court notes that upon Plaintiffs' failure to respond to Wells Fargo's request for dismissal and joinder, they are deemed as unopposed. However, in order to clarify the record, the Court hereby **GRANTS** Wells Fargo's *Motion to Dismiss Third Amended Complaint for Lack of Personal Jurisdiction and Notice of Joinder in Motion to Dismiss Third Amended Complaint Filed by Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC* (Docket No. 238), and accordingly, dismisses the Complaint as to Wells Fargo under the same reasoning as its dismissal in favor Bayview and Lakeview.

U. <u>MWPR CR, LLC</u>

On April 1, 2019, Codefendant, MWPR CR, LLC (hereinafter, "MWPR CR") filed a *Motion to Dismiss Third Amended Complaint and Joinder to Motion to Dismiss Filed by Co-Defendants. See* Docket No. 239. Therein, MWPR CR argued that Plaintiffs "failed to set forth the existence of any claim that may justify the granting of a relief against MWPR CR and therefore must be dismissed." (Docket No. 239 at 1). In sum, MWPR CR argues that "[e]ven after three (3) amendments, and other than including MWPR CR on the case caption since the filing of the original Complaint on October 27, 2017 (Docket 1), the [Third Amended Complaint] still fails to state any sort of plausible claim against MWPR CR and therefore must be dismissed." *Id.* at 2.

MWPR CR further moved to join and adopt all the arguments for dismissal included in the *Motions to Dismiss* filed by Banco Popular, Fannie Mae, JNBC, Bayview, Lakeview and by Roosevelt and Rushmore. *See* Docket Nos. 40, 42, 44 and 59, respectively.

The Court notes that upon Plaintiffs' failure to respond to MWPR CR's request for dismissal and joinder, they are deemed as unopposed. Moreover, on April 8, 2019, the Court granted MWPR CR's request for dismissal and joinder. *See* Docket No. 269. However, in order to clarify the record, the Court hereby **GRANTS** MWPR CR's *Motion to Dismiss Third Amended Complaint and Joinder to Motion to Dismiss Filed by Co-Defendants* (Docket No. 239), and accordingly, dismisses the Complaint as to Wells Fargo under the same reasoning as its dismissal in favor Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview.

V.  Bank of America N.A.

On April 3, 2019, Codefendant, Bank of America, N.A. (hereinafter, "Bank of America") filed a *Motion to Dismiss* (Docket No. 242). Therein, Bank of America moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 8, 9, 10, 12, 20, 21 and 23. *See* Docket No. 242 at 5. In essence, Bank of America argues that "[t]his lawsuit is an attempt to re-litigate multiple failed attempts to assert the same claims. Most of the Plaintiffs to this lawsuit—and there are *hundreds*—were previously party to a substantively identical lawsuit captioned *González-Camacho v. Banco Popular de Puerto Rico*, No. 17-1448 (D.P.R.) ('*González-Camacho')*." *Id.* Moreover, Bank of America emphasized that "because the operative complaint here is effectively copy-pasted from the González-Camacho complaint and makes no distinctions from one Defendant to another, it unsurprisingly warrants dismissal for the same reasons already recognized by this Court as to those Defendants." *Id.*

The Court notes that the arguments set forth by Bank of America are essentially similar to those previously presented by other Codefendants in the instant case, including a request for dismissal for Plaintiffs' failure to state any claim for which relief can be granted. *See Id.* at 18-23; *see also* Fed.R.Civ.P. 12(b)(6).  For instance, Bank of America claims that Plaintiffs failed to meet the standard of Fed.R.Civ.P. 8 and 10 as although Plaintiffs number their paragraphs as provided by Rule 10, it is not done in a sequential order while also failing to state each claim as a separate count. Further, should said errors be sufficient to dismiss the complaint in *González-Camacho*, they are likewise sufficient to warrant dismissal in the instant case. *See Id.* at 18.

Bank of America further claims that as Plaintiffs are misjoined under Fed.R.Civ.P. 20, if the Complaint is not dismissed, the claims should be severed into individual cases. *See* Docket No. 242 at 23. The Court notes that arguments similar to those of Bank of America were alleged by Codefendants Bayview and Lakeview, and Cayman and Rushmore as to the misjoinder issue. *See generally* Docket Nos. 44 and 59, respectively.

It is further noted that on April 8, 2019, Bank of America's request for dismissal was granted. *See* Docket No. 270. However, in order to clarify the record, the Court hereby **GRANTS** Bank of America's *Motion to Dismiss* (Docket No. 242), and accordingly, dismisses the Complaint as to Bank of America.

W. <u>United States of America – Farm Service Agency, United States Department of Agriculture Rural Development</u>

On April 23, 2019, Codefendant, United States of America (Department of Agriculture) filed a *Motion for Joinder and to Dismiss* (Docket No. 286). Therein, the Department of Agriculture claims that Plaintiffs failed to state a claim upon which relief can be granted.[24]

---

[24] The Court notes that even although the United States Department of Agriculture Rural Development and United States of America – Farm Service Agency were named Defendants in the Complaint, all motions related to the United States of America will be treated as one and the same, as both agencies fall under the Department of Agriculture.

Additionally, the Department of Agriculture claims that a dismissal of all causes of action against the Department is warranted pursuant with the Federal Torts Claim Act and with the Contract Disputes Act. To wit, under the Federal Torts Claims Act, 28 U.S.C. § 2671, et seq., "[a]bsent a waiver of sovereign immunity, the court is without subject matter jurisdiction to proceed. *United States v. Testan*, 424 U.S. 392, 399 (1976)." Docket No. 286 at 2. The Department of Agriculture further explained that "[t]he filing of [a prior] administrative claim is a non-waivable jurisdictional requirement. Such failure deprives the district court of jurisdiction over tort claims against the government." *Id.* at 3 (citations omitted). Thus, failure to file an administrative claim, warrants a dismissal of the Complaint.

Moreover, the Department of Agriculture avers that pursuant to the Contract Disputes Act "disputes arising out of government contracts are to be first submitted to the agency's contracting officer. . ." *Id.* at 3. Accordingly, "if [the allegations] are construed as arising from a contract, th[e] Court lacks subject matter jurisdiction because the venue is the Court of Federal Claims retains jurisdiction under the Tucker Act, 28 U.S.C. § 1491." *Id.* The Court finds that as Plaintiffs failed to submit the claim in the first instance before the Federal Claims Court or the agency's contracting officer pursuant to the Contract Disputes Act, a dismissal of the Complaint is warranted. *See Piñero v. United States*, 2010 WL 11545698, *5 (D. P.R. 2010) (citing *Grillasca-Palou v. U.S. Postal Serv.*, 573 F. Supp. 2d 493, 495 (D. P.R. 2008)).

Lastly, the Department of Agriculture adopted the arguments for dismissal included in the *Motions to Dismiss* filed by Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, and by Roosevelt and Rushmore in their entirety. *See* Docket Nos. 40, 42, 44 and 59, respectively.

The Court notes that upon Plaintiffs' failure to respond to the Department of Agriculture's request for dismissal it is deemed as unopposed. Finally, the Court hereby **GRANTS** the

Department of Agriculture's *Motion for Joinder and to Dismiss* (Docket No. 286), and accordingly, dismisses the Complaint as to the Department of Agriculture.[25]

X. <u>Puerto Rico Housing Finance Authority</u>

On September 20, 2019, Codefendant, Puerto Rico Housing Finance Authority (hereinafter, "AFV" for its Spanish acronym) filed a *Motion for Joinder* (Docket No. 329). Therein, AFV moved for dismissal of the instant action with prejudice and for joinder as to the *Motions to Dismiss* filed by Codefendants Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, and Roosevelt and Rushmore at Docket Nos. 40, 42, 44, and 59, respectively.[26] In sum, AFV "ask[s] this Court for leave to join other Codefendants' various Motions to Dismiss, and ask[s] that this action is dismissed as to the appearing Codefendant." (Docket No. 329 at 1). AFV seeks to incorporate all arguments set forth by other Codefendants in their Motions to Dismiss as "it is not [AFV's] wish to unnecessarily occupy [the] Court's limited time and resources."

The Court notes that upon a review of the Complaint, AFV is only mentioned in the caption of the case. Thus, no allegations are set forth by Plaintiffs as to AFV. Accordingly, the Court hereby **GRANTS** AFV's *Motion to Joinder* (Docket No. 329) and therefore, dismisses the Complaint as to AFV under the same reasoning as its dismissal in favor of Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, and Roosevelt and Rushmore.

---

[25] The Court is aware that notwithstanding that most of the requests of the parties remained unopposed, including arguments presented by several financial institutions and the U.S. Government, the Court has ruled upon this matter pursuant to law and not merely by the matter being unopposed. The Court notes that "[i]f the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003). Accordingly, "the fact that a motion to dismiss stands unopposed does not warrant the automatic dismissal of Plaintiff's cause of action." *Santiago v. Am. Airlines, Inc.*, 840 F. Supp. 2d 500, 506 (D.P.R. 2012).

[26] AFV also requests joinder as to motions for joinder and/or to dismiss filed by Codefendants, Banco Santander Puerto Rico (Docket No. 60), Scotiabank de Puerto Rico (Docket No. 64), CitiMortgage, Inc. (Docket No. 196), TRM, LLC and RNPM, LLC (Docket No. 205), Lime and DLJ Defendants (Docket No. 232), Banco Cooperativo de Puerto Rico (Docket No. 233), MWPR CR, LLC (Docket No. 239),  Bank of America, N.A. (Docket No. 242) and United States of America (Docket No. 286).

## IV.  Federal Rules of Civil Procedure

On a final note, the Court finds that Plaintiffs have repeatedly failed to comply with the requirements set forth in the Federal Rules of Civil Procedure. The Court briefly explains. Plaintiffs initially filed the *Complaint* on October 27, 2017. *See* Docket No. 1. Before any of the Defendants appeared in the case at bar, an *Amended Complaint* and a *Second Amended Complaint* were filed. *See* Docket Nos. 4 and 7. The Court notes that Plaintiffs did not request leave to file the *Second Amended Complaint* as provided by Fed.R.Civ.P. 15(a)(1) and 15(a)(2).[27] Subsequently, that is, on December 5, 2017, Plaintiffs filed a *Third Amended Class Action Complaint* with the Court's leave. *See* Docket Nos. 10, 11 and 17.

Thereafter, on March 5, 2018, Codefendants, Banco Popular, Fannie Mae, and Lakeview and Bayview filed *Motions to Dismiss* the *Third Amended Complaint*. *See* Docket Nos. 40, 42 and 44, respectively. Subsequently, other Codefendants filed their respective motions for joinder and/or to dismiss the *Third Amended Complaint. See supra.* To this effect, Fed.R.Civ.P. 15(a)(3) provides that in order to correct deficiencies that might be raised in motions pursuant to Fed.R.Civ.P. 12(b), (e) or (f),

> "[a] party may amend its pleading once as a matter of course within 21 days after serving it; or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." (Emphasis ours).

Accordingly, Plaintiffs had until March 26, 2019 to request leave to amend the complaint **for a fourth time** in order to correct any deficiency raised by the Codefendants in their motions to dismiss. However, it was not until April 2, 2018, that is, 28 days after the filing of the *Motions to Dismiss*, that Plaintiffs requested leave to amend the complaint once more, in clear

---

[27] Rule 15(a)(2) of Civil Procedure clearly provides that "[a] party may amend its pleading once as a matter of course…" but, "[in] all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave."

contravention with the terms established by the Federal Rules of Civil Procedure. *See* Docket No. 77. As Plaintiffs' request was evidently untimely, whilst containing arguments that were untruthful, the Court denied Plaintiffs' request. *See* Docket No. 127.

Yet, on March 20, 2019, eighteen (18) months after the filing of the case at bar, Plaintiffs requested to supplement the pleadings. *See* Docket No. 226. Pursuant to the Supreme Court, an amendment to the pleadings should not be allowed when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989). The circumstances set forth by the Supreme Court are clearly consistent with Plaintiffs' behavior in the case at bar. The Court gave Plaintiffs ample opportunities to correct the deficiencies in the pleadings, yet, Plaintiffs decided to turn a deaf ear.

Accordingly, the Court deems that allowing yet another amendment to the pleadings imposes an undue prejudice upon Defendants whilst rewarding a deficient motion practice that has prevailed through the instant proceedings. More importantly, the Court finds that the filing practice exhibited by Plaintiffs is exactly the type of practice that needs to be discouraged. Thus, the Court hereby reiterates its determination to **DENY** Plaintiffs' *Motion for Leave to File Supplemental Allegations Under FRDP[sic] 15(d), et al.* (Docket No. 226).[28]

**V. Conclusion**

For the aforementioned reasons, the Court hereby **GRANTS** all of Defendants' remaining pending motions Docket Nos. 103, 121, 135 and 205. Plaintiffs' *Supplemental Motion for*

---

[28] Not only have Plaintiffs failed to cure the deficiencies of the Complaint in the instant case, but such conduct was not accepted in a similar case, *González-Camacho v. Banco Popular de Puerto Rico*, until dismissal of the Plaintiffs' case on August 17, 2018. *See* Docket Nos. 193, 212 and 213 in civil case no. 17-1448 (DRD).

*Supplemental Allegations* and *Motion for Settlement Conference before Magistrate*, filed at Docket Nos. 226 and 227, respectively are **DENIED**. Plaintiffs' *Motions for Reconsideration* at Docket Nos. 122, 216 and 234 are **DENIED** and hence, the motions filed at Docket Nos. 149 and 150, respectively are **GRANTED**. As a result, the motions pending at Docket Nos. 241, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, and 255 are hereby **GRANTED.** Also, the Plaintiffs' motions for reconsideration at Docket Nos. 279 and 301 are hereby **DENIED**, and thus the motions at Docket Nos. 285, 289, 290, 291, 292, 293, 297, 303, 305 and 329 are hereby **GRANTED.**

Accordingly, Final Judgment dismissing the Complaint **WITH PREJUDICE** is to be entered forthwith as to all named Defendants. All local claims are dismissed without prejudice as this Court has dismissed all federal claims in the early stages of the case after dismissing all other claims under Fed. R. Civ. P. 12(b)(6), or for lack of personal jurisdiction over the Defendants. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1175, 1176 (1st Cir.1995). Hence, the Court exercised its discretion to dismiss the local claims without prejudice. *See Rivera Diaz v. Humana Insurance of Puerto Rico, Inc.*, 748 F. 3d 387, 392 (1st Cir. 2014) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).[29]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of September, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge

---

[29] The instant case was filed on October 27, 2017. The Court notes that the instant case was originally dismissed as to Codefendants, Banco Popular, Fannie Mae, JNBC, Bayview and Lakeview, and Roosevelt and Rushmore on March 31, 2019, having been duly served and accordingly, moved for dismissal. *See Opinion and Order*, Docket No. 257. The Court, herein, amends its *Opinion and Order* to include all other Codefendants that moved for dismissal and/or joinder under the same based on similar issues of law.